# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHAUN CHAPMAN,<br>on Behalf of Himself and All<br>Others Similarly-Situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>UNITED COAL COMPANY LLC,<br>WELLMORE COAL COMPANY, LLC,<br>and WELLMORE ENERGY COMPANY, LLC,<br><br>    *Defendant.* | **CLASS ACTION AND**<br>**AND COLLECTIVE ACTION**<br><br>CASE NO. _____<br><br>**JURY DEMANDED** |

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Comes Plaintiff Shaun Chapman, by and through counsel, and, for his Complaint against Defendants Wellmore Energy Company, LLC, Wellmore Coal Company, LLC and United Coal Company, LLC states as follows:

### I.    Summary of the Action

1.    Defendants employed Plaintiff and many other similarly situated employees as coal miners in Defendant's coal mine located along the border of the Commonwealth of Kentucky and State of Virginia. Defendant violated the Fair Labor Standards Act, Kentucky state Law and Virginia state Law by requiring Plaintiff and the other coal miner employees to perform off-the-clock work, and by arbitrarily deducting time from the amount of time employees are compensated for their work. Specifically, employees were required to engage in compensable-but-unpaid work donning protective equipment prior to being permitted to clock-in and begin being paid. Further, although miners worked continuously from the time they clocked-in until the time that they

clocked out, Defendants improperly and arbitrarily deducted thirty minutes per day from employees' pay, asserting it did so to account for "travel time" underground. Employees worked overtime in most weeks, and, accordingly, the unpaid off-the-clock time and unpaid thirty minutes per day should have been compensated as overtime compensation.

## II.   Jurisdiction and Venue

2. This Court has jurisdiction over the claims of Plaintiff and those similarly situated pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

3. This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the Kentucky Wages and Hours Act ("KWHA") and Virginia state law because they are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy and arise from the same set of operative facts as Plaintiff's claims under the FLSA.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants' principal places of business are in Johnson City, Tennessee (within the District of this Court), and it is from this District that Defendants orchestrated their illegal practices of refusing to pay Plaintiff and the similarly-situated employees.

## **PARTIES**

5. Plaintiff is a resident of Virginia. Plaintiff's consent pursuant to 29 U.S.C. 216(b) to bring this action is attached hereto as Exhibit 1.

6. Defendant Wellmore Energy Company, LLC is a Virginia for-profit limited liability company which has a principal place of business at 2112 N. Roan Street, Suite 500, Johnson City, TN 37601-2519, and may be served by service of process on its registered agent, Business Filings Incorporated, at 4701 Cox Road, Suite 285, Glen Allen, VA 23060.

7. Defendant Wellmore Coal Company, LLC is a Virginia for-profit limited liability company which has a principal place of business at 2112 N. Roan Street, Suite 500, Johnson City, TN 37601-2519, and may be served by service of process on its registered agent, Business Filings Incorporated, at 4701 Cox Road, Suite 285, Glen Allen, VA 23060.

8. Defendant United Coal Company LLC, is a Virginia for-profit limited liability company which has a principal place of business at 2112 N. Roan Street, Suite 500, Johnson City, TN 37601-2519, and may be served by service of process on its registered agent, Paul Konstanty, at 2112 N. Roan Street, Suite 500, Johnson City, TN 37601-2519.

9. At all times relevant to this Complaint, each Defendant has had at least two employees.

10. Each Defendant's annual sales have, at all relevant times to this Complaint, exceeded $500,000.00.

11. Each Defendant is an enterprise engaged in commerce or in the production of goods for commerce, as defined in 29 U.S.C. § 203.

## FACTUAL ALLEGATIONS

12. Defendants employed Plaintiff as a coal miner to work at Defendants' coal mines located along the Kentucky/Virginia border in the three years preceding the filing of this action.

13. Defendants classified Plaintiff as non-exempt under the FLSA; when Defendants would credit Plaintiff with working more than forty hours in a workweek, they would acknowledge their liability to pay Plaintiff one and one-half times his base rate of pay for his work beyond forty hours in a workweek.

14. For a portion of this time, Plaintiff worked for Defendants entirely within the Commonwealth of Kentucky; that is, he would report to work in Kentucky, begin working above-

ground in Kentucky, enter the ground in Kentucky, work underground in Kentucky, return to the surface in Kentucky, and perform the last of his work for the day in Kentucky.

15. For the remainder of the time Plaintiff worked for Defendants, Plaintiff would report to work at a portal located in the state of Virginia very near to the Kentucky/Virginia state line and begin performing compensable work.

16. Specifically, Plaintiff would don required clothing and gather required equipment for the safety of Plaintiff and other coal miners, including but not limited to reflective clothing, steel toed boots, hard hats/helmet, and "spotter" device (a device used to detect levels of gases in the air).

17. Only after Plaintiff donned all of this equipment and gathered the required safety devices would Plaintiff be permitted by Defendants to "clock-in"; Defendants did not pay Plaintiff for the time prior to when he "clocked in" despite knowing that Plaintiff performed work prior to "clocking in."

18. Indeed, the Defendants created their timekeeping system to have employees "clock-in" by waiving their helmets, which contained a chip which interacted with the timekeeping device, in front of the timekeeping device; therefore, a coal miner could not even "clock-in" without first having performed without compensation the work of retrieving the helmet from the place where it had been stored from the prior shift.

19. After "clocking-in", Plaintiff would perform an entire shift's worth of work.

20. However, Defendants deducted automatically from Plaintiff's pay thirty minutes per day.

21. Upon information and belief, Defendants' rationale for deducting thirty minutes per day from Plaintiff's pay was based on Defendants' estimate of the amount "travel time" which employees engaged in underground.

22. However, Defendants' policy of deducting thirty minutes per day from Plaintiff's pay for travel time was illegal; Plaintiff's activity of getting on and riding underground transportation always occurred after Plaintiff had begun performing the first work of the day (which occurred prior to Plaintiff clocking-in above ground when Plaintiff donned Plaintiff's required protective clothing and equipment), and therefore, the travel time was compensable under the continuous work day doctrine, which requires employers to pay employees from the time the employee begins performing work until the employee last performs work at the conclusion of the work day, other than with respect to a *bona fide* meal break[1].  See 29 C.F.R. § 785.38.

23. The improperly deducted time for travel time was entirely, or primarily, time expended working in Kentucky; even during the period of time Plaintiff entered underground in Virginia, the large majority of the time that Plaintiff would spend after entering the underground portion of the coal mine would be spent in the Commonwealth of Kentucky because, due to the proximity of the portal to the Kentucky state line, shortly after entering the mine in the state of Virginia, Plaintiff would get on and ride a transport vehicle underground into a portion of Defendants' mine located in and under the Commonwealth of Kentucky; the large majority of travel time was spent travelling in Kentucky.

---

[1] Plaintiff did not ever have any *bona fide* meal break but would instead work continuously, eating only when and where possible between duties.  Even if a substantial break from duties had been provided (it never was), the nature of the underground coal mine environment, including the substantial distance from working areas of the mine to the mine exit, prevented employees from running errands, using the telephone, accessing the internet, watching TV, or even simply enjoying fresh air and sunshine outside entirely impossible, and therefore would prevent an employee from using the break for their own purposes, and would still therefore be required to be compensated as such a break would be solely, or at least primarily, for the benefit of the employer.  Therefore, while Defendants' rationale for their illegal deduction of Plaintiff's pay every day was to "account" for "travel time," Defendants' policy would also have been illegal if the rationale was to account for a *bona fide* meal break.

24. To illustrate Defendants' illegal policy of automatic deducting time from Plaintiff's pay, attached hereto as Exhibits 2 and 3 are Plaintiff's paystubs for the time periods December 2, 2019 through December 14, 2019, and October 19, 2020 through October 30, 2020.

25. Plaintiff recorded the times that he clocked-in and clocked-out during these periods.

26. Specifically, during the period from December 2, 2019 to December 14, 2019, Plaintiff clocked-in and clocked-out as follows (all in and out time in same row on same date):

| Date | In | Out |
|---|---|---|
| 12/2/19 | 6:47 | 15:51 |
| 12/3/19 | 6:43 | 15:41 |
| 12/4/19 | 6:45 | 15:57 |
| 12/5/19 | 6:45 | 17:40 |
| 12/6/19 | 6:42 | 15:51 |
| 12/7/19 | 6:48 | 15:43 |
| 12/9/19 | 6:47 | 15:42 |
| 12/10/19 | 6:42 | 15:54 |
| 12/11/19 | 6:44 | 16:00 |
| 12/12/19 | 6:43 | 15:46 |
| 12/13/19 | 6:44 | 15:44 |
| 12/14/19 | 6:42 | 15:46 |

27. The total amount of time that elapsed from the time Plaintiff clocked-in until he clocked-out every day during this period was 110.63 hours.

28. However, Defendant only paid Plaintiff for working 104.00 hours during this period.

29. Exhibit 2 reflects that Defendant only paid Plaintiff for 104.00 hours during this period.

30. Further, during the period from October 19, 2020 to October 31, 2020, Plaintiff clocked-in and clocked-out as follows (a.m. clock-out times are on day after clock-in date):

| Date | In | Out |
|---|---|---|
| 10/19/20 | 6:34 | 16:43 |

| | | |
|---|---|---|
| 10/20/20 | 6:32 | 16:20 |
| 10/21/20 | 6:32 | 16:05 |
| 10/22/20 | 6:30 | 16:06 |
| 10/23/20 | 6:30 | 16:04 |
| 10/26/20 | 14:30 | 0:52 |
| 10/27/20 | 14:30 | 0:50 |
| 10/28/20 | 14:37 | 1:00 |
| 10/29/20 | 16:37 | 3:47 |
| 10/30/20 | 14:32 | 0:43 |

31. The total amount of time that elapsed from the time Plaintiff clocked-in until he clocked-out every day during this period was 101.1 hours.

32. However, Defendant only paid Plaintiff for working 94.95 hours during this period.

33. Exhibit 3 reflects that Defendant only paid Plaintiff for 94.95 hours during this period.

34. Plaintiff provides these time periods simply as examples; there are many other time periods during which Plaintiff worked more than forty hours per week but was deprived of the appropriate amount of overtime compensation because of Defendants' policies of not paying for time spent performing compensable work prior to clocking in and automatically deducting time from the amount of time that elapsed between the time employees clocked-in and the time that they clocked-out.

35. Defendant Wellmore Energy Company, LLC listed itself as Plaintiff's employer on his paystubs.

36. Defendants United Coal Company, LLC and Wellmore Coal Company, LLC controlled Plaintiff's employment and were joint employers of Plaintiff with Defendant Wellmore Energy Company, LLC.

37. For example, attached hereto as Exhibit 4 is a Facebook page of (and maintained by) Defendant United Coal Company, LLC, in which Defendant United Coal Company, LLC

solicited employees to work in the Wellmore mine (pages 2, 6 and 28 of Exhibit 4), displayed a picture of a sign relating to safety posted at the Wellmore mine with the logo of its own parent company (Metinvest) with the statement "it's in our blood – we breathe it, speak it, and work to achieve it day in and day out. Safety is no accident" (Page 15 of Exhibit 4), and stated, referring to pictures of Wellmore employees, "Here at #WellmoreCoal, we're family"(PDF Page 25).

38. Further, attached hereto as Exhibit 5 is the "Career In UCC" section of the website of Defendant United Coal Company, LLC, in which it states that job applicants can apply for jobs with Wellmore Energy either by contacting United Coal Company, LLC directly, or by contacting Wellmore Energy.

39. Attached hereto as Exhibit 6 is the "Management" page of Defendant United Coal Company, LLC, which notes that United Coal Company, LLC's Vice President and General Counsel "is the chief legal officer and serves as Vice President of all corporate subsidiaries" and further notes that United Coal Company, LLC's Vice President of Operations "is responsible for all day-to-day activities associated with safe, compliant and efficient production. This includes managing the production teams at all undergrounds mines…."

40. Indeed, not only did Defendants United Coal Company, LLC and Wellmore Coal Company, LLC control Plaintiff's employment with their subsidiary, Wellmore Energy Company, LLC, but they were themselves controlled by their Ukraine-based parent company, Metinvest.

41. For example, attached hereto as Exhibits 7 and 8 are the "Apply for Job" and "Feedback" sections of Defendant United Coal Company, LLC's website.

42. Upon information and belief, these webpage were drafted by the Ukraine-based parent company in a non-English language utilizing the Cyrillic alphabet and given to United Coal Company, LLC with instructions that United Coal Company, LLC use them, but never fully

translated into English, further illustrating that Metinvest controlled United Coal Company, which in turn controlled its subsidiaries, including Defendants Wellmore Coal Company, LLC and Wellmore Energy Company, LLC.

43. While Plaintiff has not sought to add the non-United-States-based Metinvest as a defendant at this time in order to expedite this litigation and avoid the procedural complications, Plaintiff notes that Metinvest's control of the employment of employees of all subsidiaries through the intermediate parent/subsidiaries makes those intermediate parent/subsidiaries joint employers of the employees along with the employing subsidiaries.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

44. Plaintiff brings this action under the FLSA on behalf of himself and all similarly-situated current and former employees of Defendants who worked as non-exempt employees for Defendants and were not fully-paid for their overtime work which Defendants should have paid within the last three years.

45. Stated another way, Plaintiff seeks to bring this action as a collective action under the FLSA against Defendants on behalf of the following persons:

> all current and former employees of Wellmore Energy Company, LLC and/or Wellmore Coal Company, LLC who were not fully-paid since September 4, 2018 for all overtime compensation due for such employee's work in one or more workweeks because time prior to "clocking in" was not compensated and/or because the employer deducted time from the amount compensated, including deductions of time for "travel time" travelling underground from the mine entrance to the area of the mine where coal was being actively mined.

46. The employment policies, practices and agreements of Defendants raise questions of fact common to the proposed collective group including:

   a. whether Defendant has engaged in a pattern or practice of permitting or requiring Plaintiff and members of the proposed collective group to work in

excess of forty hours per workweek for the benefit of Defendant and without appropriate compensation, in violation of the FLSA;

b. whether Defendant has engaged in a pattern or practice of failing to keep accurate records showing all hours worked by Plaintiff and members of the proposed collective group, in violation of the FLSA;

c. whether the conduct of Defendant was willful;

d. whether Plaintiff and members of the proposed collective group are entitled to lost wages, liquidated damages and the other relief requested.

47. The claims of Plaintiff are similar to those of the members of the proposed collective group, in that Plaintiff has been subject to the same conduct as members of the proposed collective group and Plaintiff's claims are based on the same legal theory as members of the collective group.

48. The Collective members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

49. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated to the members of the Collective.

50. The similarly-situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant uses.

51. Plaintiff's FLSA claims are maintainable as a collective action pursuant to Section

16(b) of the FLSA, 29 U.S.C. § 216(b).

52. Plaintiff's FLSA claims are maintainable as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS RELATING TO DEFENDANTS' VIOLATION OF STATE LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23**

53. Plaintiff brings this action under the Kentucky Wages and Hours Act (and, or in the alternative, under Virginia common law, Defendants' violations constituting breach of express and/or implied contract to pay hourly employees for hours worked, and constituting unjust enrichment) on behalf of himself and all similarly-situated current and former employees of Defendants who worked for Defendants and were not fully-paid for their work, including their overtime work for which for Defendant which Defendant should have paid within the last five years

54. Plaintiff brings Counts II and Count III of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, individually, and on behalf of himself and the following class:

> all current and former employees of Wellmore Energy Company, LLC and/or Wellmore Coal Company, LLC who were not fully-paid since September 4, 2016 for all overtime compensation due for such employee's work in one or more workweeks because time prior to "clocking in" was not compensated and/or because the employer deducted time from the amount compensated, including deductions of time for "travel time" travelling underground from the mine entrance to the area of the mine where coal was being actively mined.

55. Plaintiff is a member of the class he seeks to represent.

56. Defendant failed to pay Plaintiff and the members of the class he seeks to represent wages for work performed, as described herein, in violation of the KWHA.

57. Under the KWHA, employers are required to pay overtime compensation to non-exempt employees for overtime work performed by such employees.

58. As Plaintiff and the similarly-situated employees were non-exempt, Defendant's refusal to pay Plaintiff and Class Members overtime compensation for overtime hours worked violated the KWHA.

59. Upon information and belief, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

60. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 Class share common questions, including: (1) whether Defendant paid them overtime compensation for all overtime worked; and (2) whether Defendant failed to pay them the full amount of overtime compensation earned.

61. Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3) typicality. Defendant's failure to pay Plaintiff overtime compensation was not the result of any circumstances specific to the Plaintiff. Rather, it arose from Defendant's common pay policies of not paying overtime pay, which Defendant applied generally to their employees, despite the fact that Plaintiff and the similarly-situated employees were non-exempt and entitled to overtime pay.

62. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

63. Plaintiff has retained competent counsel experienced in representing classes of employees in lawsuits against their employers alleging failure to pay statutorily required overtime compensation, thus satisfying Fed. R. Civ. P. 23(a)(4).

64. By failing to pay Plaintiff and Class Members for all hours worked, and failing to pay employees the full amount of overtime compensation earned, Defendant has created the

circumstance under which questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff should be permitted to pursue the claims alleged herein as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## COUNT I

### VIOLATION OF FLSA
### NONPAYMENT OF OVERTIME COMPENSATION

65. Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

66. Defendants are subject to the wage requirements of the FLSA because Defendants are each an "employer" under 29 U.S.C. § 203(d).

67. During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

68. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. See 29 U.S.C. § 207(a)(1).

69. Defendants are not exempt from the requirements of the FLSA with respect to the employment of Plaintiff and the FLSA Collective.

70. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

71. Defendants knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

72. Defendants willfully violated the FLSA by engaging in a pattern or practice (or patterns or practices) of:

  a. failing to keep accurate records showing all the time it permitted and/or required Plaintiff and members of the proposed collective to work, from the first compensable act to the last compensable act;

  b. permitting and/or requiring Plaintiff and FLSA Collective to perform integral and indispensable activities (*i.e.*, work) in excess of forty hours in a work week, for the benefit of Defendant and without compensation at the applicable federal overtime rates;

  c. failing to pay employees for compensable time worked prior to "clocking in"; and

  d. improperly deducting pay from employees for time worked between "clocking in" and "clocking out" based on an assertion that such deductions were acceptable to account for "travel time" underground.

73. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendants, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT II

### VIOLATION OF KY. REV. STAT. ANN. §§ 337.275, *ET SEQ*. BY NONPAYMENT OF WAGES.

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Plaintiff bring this claim on behalf of all members of the proposed Rule 23 Class.

76. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* KY. REV. STAT. ANN. §§ 337.275, *et seq.*

77. KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek. *See also* 803 Ky. Admin. Regs. 1:060.

78. During all times material to this complaint, Defendant was a covered employer required to comply with KY. REV. STAT. ANN. § 337.010(1)(d).

79. During all times material to this complaint Plaintiff and the Rule 23 Class were covered employees entitled to the protections of the KWHA. *See* KY. REV. STAT. ANN. § 337.010(1)(e).

80. Defendants are not exempt from providing Plaintiff and Class Members the KWHA's overtime benefits because the employees do not fall within any of the exemptions set forth therein. *See* KY. REV. STAT. ANN. § 337.285(2).

81. Defendants have violated the KWHA with respect to Plaintiff and the Rule 23 Class by, *inter alia*, failing to compensate them for all hours worked in excess of forty per workweek at one and one-half their "regular rate" of pay.

82. In violating the KWHA, Defendants acted willfully and with reckless disregard of clearly applicable provisions of the KWHA.

83. Pursuant to KY. REV. STAT. ANN. § 337.385, Defendants, because they failed to pay employees the required amount of wages and overtime at the statutory rate, should be found liable to the employees not only for the unpaid wages, but also for liquidated damages in an amount equal to the amount of unpaid wages.

84. Pursuant to KY. REV. STAT. ANN. § 337.385, Plaintiff and Class Members are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid wages.

## COUNT III

## VIOLATION OF VIRGINIA COMMON LAW
## BY NONPAYMENT OF WAGES.

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendants failed to pay earned wages in violation of Virginia common law.

87. Specifically, Defendants' failure to pay Plaintiff and the Rule 23 Class members wages for the full amount of compensable work they performed constituted violation of an express and/or implied-in-fact contract between employer and employee that employees would be paid hourly wages for all work performed.

88. Defendants' acceptance of the benefit of the work of Plaintiff and the Rule 23 Class members, while Defendant failed to pay Plaintiff and the Rule 23 Class members for all compensable work such employees performed, constitutes unjust enrichment; it would be unjust to not require Defendants to compensate Plaintiff and the other members of the proposed Rule 23 class for their work.

89. Plaintiff, individually and on behalf of the Rule 23 Class members, seeks the payment of wages for all hours worked, but for which Defendant did not pay wages, including time performing compensable work before being permitted to clock in and time improperly deducted by Defendants for underground travel time.

90. Defendants' failure to pay for all hours worked, caused Plaintiff and the Rule 23 Class to suffer loss of wages and interest thereon.

91. Plaintiff and the Rule 23 Class are entitled to all unpaid wages and pre-judgment interest for Defendant's violation of Virginia common law.

# **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that the Court:

A. Issue process and bring Defendant before the Court;

B. Authorize notice to issue to members of the proposed collective action and permitting similarly-situated persons a reasonable opportunity to join this litigation with respect to claims under the FLSA;

C. Certify a class of similarly-situated employees whose rights were violated by Defendant under state law, and grant relief available under applicable state law, including unpaid wages, liquidated damages, and attorney's fees and other litigation expenses, to the class;

D. Empanel a jury for the trial of all issues of fact;

E. Enter a judgment awarding Plaintiff and the Classes damages in the amount of the unpaid overtime compensation, plus liquidated damages in a like amount, in amounts to be proven at trial;

F. Award Plaintiff and similarly-situated persons joining this litigation all costs of litigation, including expert fees and attorneys' fees;

G. Grant Plaintiff and similarly-situated persons joining this litigation all costs of litigation and such other further and/or general, legal and/or equitable relief to which they are entitled or which the Court otherwise deems appropriate.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
Mfoster@MarkNFoster.com
*Counsel for Plaintiff*