UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| SHAUN CHAPMAN, *individually, an on behalf of himself and others similarly situated*, | ) ) ) ) | 2:21-CV-00137 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| UNITED COAL COMPANY LLC, et al., | ) ) | |
| Defendants. | | |

**REPORT AND RECOMMENDATION**

Plaintiff has filed a Motion for Conditional Certification [Doc. 19] pursuant to 29 U.S.C. § 216(b). This motion was referred to the undersigned for a report and recommendation by the District Judge pursuant to 28 U.S.C. § 636(b). This matter is now ripe for resolution. For the reasons stated below, the undersigned **RECOMMENDS** that Plaintiff's Motion [Doc. 19] be **GRANTED** and the agreed Notice of Collective Action Lawsuit form [Doc. 23-1, pp. 9-10] be **APPROVED** for issuance.

**I.  PROCEDURAL BACKGROUND**

On September 7, 2021, Plaintiff Shaun Chapman filed a Complaint [Doc. 1] on behalf of himself and similarly situated current and former employees of Defendants United Coal Company LLC, Wellmore Coal Company, LLC, and Wellmore Energy Company, LLC (hereinafter collectively "Defendants"). The Complaint alleged collective violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Plaintiff then filed a Motion for

Conditional Certification [Doc. 19] on December 1, 2021. Shortly thereafter, on December 21, 2021, Defendants filed a Response in opposition to Plaintiff's Motion for Conditional Certification [Doc. 20], to which Plaintiff filed a Reply [21]. However, the parties subsequently filed a Joint Motion for Entry of Agreed Order Authorizing Notice to Employees [Doc. 23] with an attached proposed order articulating an agreement reached by the parties to provide notice of a collective action to similarly situated current and former employees of Defendants, including a proposed notice form [Doc. 23-1].

The Complaint alleges that Defendants own and operate a coal mine located near the Kentucky/Virginia state line [Doc. 19, at 2]. Plaintiff was employed by Defendants as an underground coal miner from approximately December 2014 to August 2021 [Doc. 19-5]. Plaintiff states he and other similarly situated coal miners were not paid for off-the-clock work and had time deducted from their on-the-clock-hours for "underground travel time." [Doc. 19, at 2]. Plaintiff alleges that Defendants violated the FLSA in these ways via common policies. *Id.* at 4. Additionally, Plaintiff asserts that miners worked overtime on most weeks such that the unpaid off-the-clock work and "underground travel time" should have been compensated at overtime rates. [Doc. 1, at 2].

Following the filing of Plaintiff's motion seeking conditional certification, Defendants filed a Response [Doc. 20] in opposition, arguing that notice of a collective action was not appropriate because the putative collective includes individuals who have agreed, via a mutual arbitration agreement, not to join a collective action and Plaintiff has failed to establish that other similarly situated individuals want to join this suit [Doc. 20, at 3-4, 10]. Plaintiff replied [Doc. 21], arguing that there actually are three (3) categories of employees and three (3) defendants that should be considered in determining conditional certification and subsequent

notice. Thereafter, the parties filed a Joint Motion for Entry of Agreed Order Authorizing Notice to Employees [Doc. 23] wherein the parties state they have reached an agreement to send notice to similarly situated employees which resolves Plaintiff's Motion for Conditional Certification. Despite this agreement, Defendants make clear that they are not waiving their right to challenge whether this matter should ultimately proceed as a collective action during the second phase of class certification after discovery has been completed. [Doc. 23-1, at 6].

## II.     ANALYSIS

The FLSA requires employers to compensate employees, with certain exceptions, "at a rate not less than one and one-half times the regular rate at which [they are] employed" for all hours worked in excess of forty in a given workweek. 29 U.S.C. § 207. The FLSA empowers employees to file suit against an employer for alleged FLSA violations on their own behalf and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). "Section 216(b) establishes two requirements for a representative action: 1) plaintiffs must be "similarly situated," and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Id.* (citing 29 U.S.C. § 216(b); *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 167-68 (1989)). "Courts typically use a 'two-phase inquiry' to determine 'whether proposed co-plaintiffs are, in fact, similarly situated for the purposes of the statute's requirements." *Manlove v. Volkswagen Aktiengesellschaft*, No. 1:18-cv-145, 2019 WL 7755928, at *6 (E.D. Tenn. June 11, 2019) (citing *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017)). The first phase, known as the notice phase, occurs at the beginning of discovery. *Id.* The second phase takes place after notices and opt-in forms have been distributed and returned and discovery has been completed and the defendant moves for

decertification of a conditional class. *Beasley v. Over Easy Mgmt., Inc.*, No. 1:14-cv-366, 2016 WL 11503028, at *2-3 (E.D. Tenn. April 8, 2016) (citing *Comer*, 454 F.3d at 547).

During the notice phase, the court determines whether conditional certification is appropriate and whether notice of the suit should be distributed to similarly situated putative class members. *Id.* The plaintiff must show that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546-47 (cleaned up). This "fairly lenient standard" is satisfied if the lead plaintiff makes a "modest factual showing that he and potential co-plaintiffs are similarly situated with respect to the conduct alleged in the complaint." *Manlove*, 2019 WL 7755928, at *6 (citing *Comer*, 454 F.3d at 547). The court does not decide substantive issues going to the merits of the case at this stage. *Id.* This lenient standard generally results in conditional certification of a representative class during the notice phase of the class certification process. *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012). The purpose of conditional certification during this stage is "to provide notice to potential plaintiffs and to present them with an opportunity to opt-in." *Beasley*, 2016 WL 11503028, at *3 (quoting *Lindberg v. UHS of Lakeside*, 761 F. Supp. 2d 752, 757-58 (W.D. Tenn. 2011).

Here, Plaintiff asserts conditional certification is appropriate pursuant to 29 U.S.C. § 216(b) because Defendants routinely, as part of common policies and practices, failed to pay Plaintiff and other miners for off-the-clock work and further impermissibly deducted time from employees' pay for "underground travel time." [Doc. 19, at 2]. Plaintiff requests that an order be entered which authorizes sending notice of this action to all current and former non-exempt underground coal miner employees of Defendants who worked at the Wellmore coal mine at any point during the three years preceding the date of the notice, with the notice advising them of their right to join the action. [Doc. 19, at 1].

### a. Conditional Certification

Although the parties have stipulated to conditional certification at this stage, the Court will still briefly address the requirements for conditional certification in assessing whether to recommend to the District Court approval of the parties' stipulation. During the notice phase, the Court must determine whether Plaintiff and other potential class members are "similarly situated" as required by the FLSA. *Comer*, 454 F.3d at 546. "[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) *overruled on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Factors to be considered in this determination include the "factual and employment settings of the individual plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, and the degree of fairness and procedural impact of certifying the action as a collective action." *Id.* "Plaintiffs can be deemed similarly situated 'because their claims are unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Beasley*, 2016 WL 11503028, at *2 (quoting *O'Brien*, 575 F.3d at 585). Plaintiff need not show that his position is identical to the position of the putative class members but only that it is similar via a modest factual showing. *Comer*, 454 F.3d at 546-47; *see also O'Brien*, 575 F.3d at 584.

In support of this motion, Plaintiff has provided his own declaration as well as the declarations of two other former employees who were employed by Defendants as delivery underground coal mine employees in the past three (3) years. [Docs. 19-3, 19-4, 19-5]. Each declarant alleges that he was aware of and subject to Defendants' policy of not paying employees

for off-the-clock work performed prior to being permitted to clock in and of deducting time from employees' pay for "underground travel time. *Id.* Finally, each declarant asserts that he regularly worked over 40 hours per workweek and received overtime compensation such that the off-the-clock work for which Defendants failed to pay employees as well as the "underground travel time" deducted from their pay is compensable at overtime rates. *Id.* Defendants do not disagree that this showing is sufficient to constitute a "modest factual showing." *See* [Doc. 23-1].

After careful review of the materials provided by Plaintiff and considering the parties' Joint Motion for Agreed Order Authorizing Notice to Employees [Doc. 23], the undersigned finds that Plaintiff has made the "modest factual showing" necessary for conditional certification at the notice phase, demonstrating as an initial matter that he and putative class members are similarly situated with regards to Defendants' alleged FLSA violations which, in turn, satisfies the "fairly lenient standard". As such, the undersigned **RECOMMENDS** that Plaintiff's request for FLSA conditional certification be **GRANTED** and this action be conditionally certified under the FLSA on behalf of any current and former non-exempt employees of Defendants who worked as underground coal mine employees at the Wellmore mine at any time from September 11, 2018, to the present and who have not executed an arbitration agreement with one or more of Defendants.[1]

---

[1] While some of the prospective plaintiffs began their employment with Defendants prior to September 11, 2018, the parties stipulated to the timeframe requested [Doc. 23-1, at 1] and the Court does not find it appropriate to consider a more expansive timeframe. Additionally, the parties agreed that the collective should be limited to employees who have not executed an arbitration agreement with one or more of Defendants. [Doc. 20, at 9-10]. The Court agrees that Defendants have demonstrated in their Response that Plaintiff is not similarly situated to employees who entered into arbitration agreements under which they contractually agreed to submit any claims arising from their employment with Defendants to arbitration on an individual basis.

### b. Notice and Consent Forms

Having determined that this action should be conditionally certified under the FLSA, the Court now turns to the issue of notice. The Court "may supervise the issuance of notice in FLSA collective actions." *Beasley*, 2016 WL 11503028, at *4 (citing *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 69 (1989)). Under the FLSA, courts have the authority to "manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to the…Federal Rules of Civil Procedure." *Id.* The parties attached a proposed Agreed Order Authorizing Notice to Employees [Doc. 23-1] to their Joint Motion which provides a detailed procedure for the issuance of notice. This includes an agreement as to which employees will receive notice, how contact information for such employees shall be provided to Plaintiff by Defendants, and a timeline and methodology for the notices to be issued. [Doc. 23-1, at 2-7]. Additionally, the parties have provided a proposed Notice of Collective Action Lawsuit. [Doc. 23-1, at 9-10].

The parties have agreed that within fourteen (14) days of the entry of an order granting conditional certification, Defendants shall provide to Plaintiff by email a spreadsheet containing the name, last known email address, last known mailing address, and last known home and/or mobile telephone number for all persons who are to receive notice. [Doc. 23-1, at 3]. Within ten (10) days of receipt of this information, Plaintiff's counsel will send the agreed-upon notice and consent[2] to join forms [Doc. 23-1, at 9-10, Doc. 19-2] by first class non-certified U.S. mail and email. Additionally, the notice will be sent via text message to individuals for whom no email was provided or for whom an email address was provided but the email notice "bounced back"

---

[2] Although no Consent Form was attached to the Joint Motion, the Joint Motion references an agreement between the parties to distribute the Consent Form attached to Plaintiff's original Motion for Conditional Certification [Doc. 19-2] to the potential plaintiffs.

to Plaintiff as undeliverable. [Doc. 23-1, at 4]. Plaintiff's counsel is to then advise Defendants that the notice period has begun by email within three (3) days after the mailing has been accomplished. [Doc. 23-1, at 5]. The parties request that the notice period run for sixty (60) days after mailing. *Id.* Plaintiff's counsel will file all consent forms received within five (5) days of receipt. [Doc. 23-1, at 6].

The undersigned finds this agreed procedure to be a reasonable method for providing potential plaintiffs notice of the suit and an opportunity to opt-in while appropriately protecting their personal information. Additionally, after careful review of the proposed Notice and Consent forms [Doc. 23-1, at 9-10, Doc. 19-2], the undersigned finds that they fairly and accurately provide notice of the suit and an opportunity to opt-in to all putative class members. As such, the undersigned **RECOMMENDS** that the parties' proposed notice procedure and Notice and Consent forms be **APPROVED** and that the District Court authorize issuance of notice to potential plaintiffs.

### III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Conditional Certification [Doc. 19] be **GRANTED**, subject to the limitations agreed upon by the parties and set forth herein, and **FURTHER RECOMMENDS** that the agreed Notice of Collective Action Lawsuit [Doc. 23-1, pp. 9-10] be **APPROVED** for issuance.

Respectfully Submitted,

/s Cynthia Richardson Wyrick
United States Magistrate Judge